UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

_____

IN RE GENERAL MOTORS ONSTAR
LITIGATION
_____   Master File No. 2:07-CV-11830

THIS DOCUMENT RELATES TO:  All Actions


_____

**ANSWER OF GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION
TO THE CONSOLIDATED MASTER CLASS ACTION COMPLAINT**

Defendants General Motors Corporation ("GM") and OnStar Corporation ("OnStar") (collectively, "Defendants") file their original answer to the Consolidated Master Class Action Complaint (the "Complaint"), and state:

**ANSWER**

1. Admit that OnStar service will cease for some subscribers on December 31, 2007, and otherwise deny the allegations in paragraph 1.

2. Admit that OnStar provides an in-vehicle system that, in some versions, may provide the services outlined in paragraph 2, but deny that all OnStar versions provide all of the services. With respect to the purported quote from OnStar contained in paragraph 2, state that the Complaint fails to identify when and where such statement was made, and therefore Defendants are able to neither admit nor deny that portion of paragraph 2. All other allegations in paragraph 2 are denied.

3. Admit that Plaintiffs seek damages and other relief for themselves and for a putative class, and otherwise deny the allegations contained in paragraph 3.

4. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 4.

5. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 5.

6. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 6.

7. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 7.

8. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 8.

9. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 9.

10. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 10.

11. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 11.

12. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 12.

13. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 13.

14. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 14.

15. Defendants have insufficient information to either admit or deny the allegations contained in paragraph 15.

16. Admit that GM is a Delaware corporation with its principal place of business in Detroit, Michigan, that GM manufactures and sells various vehicles under various nameplates, and otherwise deny the allegations contained in paragraph 16.

17. Admit that OnStar is a wholly owned subsidiary of GM that maintains its headquarters in Detroit, Michigan, and otherwise deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18 because such allegations lack sufficient specificity to allow Defendants to either admit or deny them.

19. Deny the allegations contained in paragraph 19.

20. Admit that the Court has jurisdiction over this case, that Plaintiffs purport to bring this action as a class action alleging various claims, and otherwise deny the allegations contained in paragraph 20.

21. Admit that venue is proper in this district, and otherwise deny the allegations contained in paragraph 21.

22. Admit the allegations contained in paragraph 22.

23. Admit that OnStar provides a telematic communications system that is integrated into vehicles and that enables vehicles with OnStar equipment and service to have access to certain services almost everywhere in the United States and portions of Canada, and otherwise deny the allegations contained in paragraph 23.

24. Admit that OnStar developed and operated the OnStar system since about 1996, and otherwise deny the allegations contained in paragraph 24.

25.     Admit that GM sells some vehicles with OnStar equipment, that GM provides service for vehicles with OnStar equipment, and otherwise deny the allegations contained in paragraph 25.

26.     Admit that OnStar equipment for GM vehicles is unique and is not available from sources other than GM, state that OnStar equipment and service is also available on non-GM vehicles, and otherwise deny the allegations contained in paragraph 26.

27.     Admit the allegations contained in paragraph 27.

28.     Admit that GM manufactures vehicles with OnStar wireless telematic cellular equipment, that the equipment enables vehicles to communicate with OnStar centers through use of cellular service provided by a third party, and otherwise deny the allegations contained in paragraph 28.

29.     Admit that OnStar equipment over time has utilized both analog and digital technology, that analog wireless devices will not operate on a digital network, that some wireless devices can operate on both analog and digital networks, and otherwise deny the allegations contained in paragraph 29.

30.     Admit that OnStar equipment was both standard and optional equipment on some vehicles manufactured by GM, and otherwise deny the allegations contained in paragraph 30.

31.     Admit that GM manufactured vehicles at various times with three types of OnStar equipment (a) Analog-Only, (b) Analog/Digital Ready, and (c) Dual-Mode (Analog/Digital), and otherwise deny the allegations contained in paragraph 31.

32.     Admit that certain vehicles manufactured by GM contained OnStar equipment that can only operate on the analog wireless network, and that as of early 2007 there were

approximately 450,000 OnStar subscribers with this type of telematic equipment in their vehicles, and otherwise deny the allegations contained in paragraph 32.

33.     Admit that certain vehicles manufactured by GM can be upgraded with OnStar equipment that operates on the digital wireless network, that as of early 2007 there were approximately 1,500,000 OnStar subscribers with vehicles that could be upgraded with OnStar equipment that operates on the digital wireless cellular system, and otherwise deny the allegations contained in paragraph 32.

34.     Admit the allegations contained in paragraph 34.

35.     Deny the allegations contained in paragraph 35.

36.     With respect to the allegations contained in paragraph 36, state that the FCC's published documents referenced in such paragraph speak for themselves, and otherwise deny such allegations.

37.     Deny the allegations contained in paragraph 37.

38.     With respect to the allegations contained in paragraph 38, state that the FCC's rules, and legal requirements set forth in such rules, speak for themselves, and otherwise deny such allegations.

39.     With respect to the allegations contained in paragraph 39, state that the FCC's rules and legal requirements of such rules speak for themselves, and otherwise deny the allegations contained in such paragraph.

40.     Deny the allegations contained in paragraph 40.

41.     Admit that Defendants were aware of the FCC's rulemaking, that Defendants submitted filings with the FCC which are of record, and otherwise deny the allegations contained in paragraph 41.

42. Admit that GM and OnStar filed comments with the FCC in connection with its rulemaking, and otherwise deny the allegations contained in paragraph 42.

43. Admit that GM and OnStar filed comments with the FCC in connection with its rulemaking, and otherwise deny the allegations contained in paragraph 43.

44. With respect to the allegations contained in paragraph 44, state that any OnStar submission to the FCC is a public record that speaks for itself, and otherwise deny the allegations contained in such paragraph.

45. With respect to the allegations contained in paragraph 45, state that OnStar's submissions to the FCC are public records, and otherwise deny the allegations contained in such paragraph.

46. With respect to the allegations contained in paragraph 46, state that OnStar's submissions to the FCC are public record, and otherwise deny the allegations contained in such paragraph.

47. Deny the allegations contained in paragraph 47.

48. State that any news release issued by GM will speak for itself, and otherwise deny the allegations contained in paragraph 48.

49. With respect to the allegations contained in paragraph 49, state that the FCC's rules, and legal requirements set forth in such rules, speak for themselves, and otherwise deny such allegations.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

54. Admit that OnStar Owner's Guides were designed by OnStar and placed in vehicles at time of purchase, and otherwise deny the allegations contained in paragraph 54.

55. State that the OnStar Owner's Guides speak for themselves, that the language in the Owner's Guide changed over time, and otherwise deny the allegations contained in paragraph 55.

56. Admit that GM provided a limited new vehicle warranty, that such warranty speaks for itself, and otherwise deny the allegations contained in paragraph 56.

57. State that the new vehicle limited warranty speaks for itself, and otherwise deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. State that any public statement by Troy Clark speaks for itself, and otherwise deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61.

62. Admit that OnStar sent letters to subscribers advising them of the effect of wireless carriers' decision that they would no longer provide analog service beginning in early 2008, that such letters speak for themselves, and otherwise deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

64. Deny that analog sale or service will be available "for a substantial period after January 1, 2008," admit that OnStar service to analog equipment will cease on January 1, 2008, and otherwise deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 66.

67. Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

69. Deny the allegations contained in paragraph 69.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Admit that GM's written warranty is not implicated by Plaintiffs' claims, and otherwise deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74.

75. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 75.

76. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 76.

77. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 77.

78. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 678.

79. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 79.

80. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 80.

81. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 81.

82. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 82.

83. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 83.

84. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 84.

85. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 85.

86. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 86.

87. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 87.

88. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 88.

89. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 89.

90. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 90.

91. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 91.

92. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 92.

93. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 93.

94. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 94.

95. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 95.

96. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 96.

97. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 97.

98. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 98.

99. Admit that OnStar sent letters to subscribers in 2007, but such letters speak for themselves, and otherwise deny the allegations contained in paragraph 99.

100. Deny the allegations contained in paragraph 100.

101. Deny the allegations contained in paragraph 101.

102. Deny the allegations contained in paragraph 102.

103. Admit that Plaintiffs purport to bring this case as a class action, and otherwise deny the allegations contained in paragraph 103.

104. With respect to the allegations contained in paragraph 104, state that there are no factual allegations and therefore Defendants neither admit or deny that paragraph.

105. Admit that the class, as defined, meets the numerosity requirement of Rule 23, and otherwise deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. State that Defendants are currently without sufficient information to either admit or deny the allegations contained in paragraph 108.

109. Deny the allegations contained in paragraph 109.

110. Defendants incorporate paragraphs 1 - 109 herein in response to paragraph 110.

111. State that the allegations contained in paragraph 111 are legal conclusions to which no response is required, and otherwise deny such allegations.

112. State that the allegations contained in paragraph 112 are legal conclusions to which no response is required, and otherwise deny such allegations.

113. Deny the allegations contained in paragraph 113.

114. Deny the allegations contained in paragraph 114.

115. Deny the allegations contained in paragraph 115.

116. Deny the allegations contained in paragraph 116.

117. Deny the allegations contained in paragraph 117.

118. Deny the allegations contained in paragraph 118.

119. Defendants incorporate paragraphs 1 - 118 herein in response to paragraph 119.

120. State that any written warranty provided by GM speaks for itself, and otherwise deny the allegations contained in paragraph 120.

121. State that any written warranty provided by GM speaks for itself, and otherwise deny the allegations contained in paragraph 121.

122. State that Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 122, and therefore same are denied.

123. Deny the allegations contained in paragraph 123.

124. Deny the allegations contained in paragraph 124.

125. Deny the allegations contained in paragraph 125.

126. Deny the allegations contained in paragraph 126.

127. Defendants incorporate paragraphs 1 - 126 herein in response to paragraph 127.

128. Deny the allegations contained in paragraph 128.

129. Deny the allegations contained in paragraph 129.

130. Deny the allegations contained in paragraph 130.

131. Deny the allegations contained in paragraph 131.

132. Deny the allegations contained in paragraph 132.

133. Defendants incorporate paragraphs 1 - 137 herein in response to paragraph 133.

134. Deny the allegations contained in paragraph 134.

135. Deny the allegations contained in paragraph 135.

136. Deny the allegations contained in paragraph 136.

137. Deny that Plaintiffs or class members are entitled to any of the relief requested in any paragraph of the consolidated Complaint.

138. All allegations not specifically admitted herein are denied.

## ADDITIONAL ASSERTIONS AND AFFIRMATIVE DEFENSES

139. The Complaint fails to state a claim upon which relief may be granted.

2:07-cv-11830-SFC-PJK   Doc # 22   Filed 08/31/07   Pg 13 of 16   Pg ID 126

140.  The claims asserted in the Complaint are barred, either in whole or in part, because of failure to provide reasonable and adequate statutory and/or contractual notice.

141.  The claims asserted in the Complaint are barred, either in whole or in part, because any applicable warranties are limited in time, scope and remedies.

142.  The claims asserted in the Complaint are barred, either in whole or in part, by the applicable statute of limitations.

143.  The claims of non-Michigan residents under the Michigan Consumer Fraud Act are barred because such Act is not applicable to transactions between such Plaintiffs (or putative class members) and Defendants and/or the application of such law would violate the due process, equal protection, and full faith and credit clauses of the United States Constitution.

144.  The breach of warranty claims asserted in the Complaint fail, either in whole or in part, because Plaintiffs failed to perform a condition precedent to any recovery under such warranties.

145.  The claims asserted in the Complaint fail, either in whole or in part, because there is no defect in any of the vehicles or OnStar equipment installed in the vehicles.

146.  The claims asserted in the Complaint are not maintainable as a class action.

147.  The claims asserted in the Complaint fail, in whole or in part, because Defendants provided appropriate information to Plaintiffs and putative class members and did not fail to disclose any information they had a duty to disclose.

148.  All or part of the claims asserted are subject to arbitration.

149.  Any alleged injury or damage suffered by any Plaintiff or putative class member, if any, was caused by intervening and superceding causes not within the control of Defendants.

**ANSWER OF GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION**
**TO THE CONSOLIDATED MASTER CLASS ACTION COMPLAINT – Page 13**

150. The claims asserted in the Complaint fail, either in whole or in part, because of the doctrine of impossibility of performance.

151. The claim for punitive damages in the Complaint is barred, in whole or in part, because any punitive damages would violate Defendants due process rights guaranteed by the 14th Amendment to the United States Constitution and similar applicable provisions of state constitutions and laws.

152. Defendants reserve the right to add any additional affirmative defenses uncovered as a result of discovery.

## REQUEST FOR RELIEF

Defendants respectfully request that Plaintiffs take nothing by way of their individual and purported class claims, that Plaintiffs' claims be dismissed with prejudice, that no class be certified, that Defendants recover any available attorney's fees and costs of court, and that Defendants have such other relief to which they may be justly entitled.

Respectfully submitted,

*/s/Michael P. Cooney/*
Michael P. Cooney (P39405)
DYKEMA GOSSETT PLLC
Attorneys for General Motors
400 Renaissance Center
Detroit, MI  48243
(313) 568-6955
mcooney@dykema.com

FIGARI & DAVENPORT, L.L.P.
A. ERIN DWYER
TIMOTHY A. DANIELS
DON COLLELUORI
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone:    (214) 939-2000
Facsimile:    (214) 939-2090

Attorneys for
GENERAL MOTORS CORPORATION

Dated:  August  31, 2007

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 31, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

Marc L. Newman, Esquire; mln@millerlawpc.com, asl@millerlawpc.com

E. Powell Miller, Esquire; epm@millerlawpc.com, kds@millerlawpc.com

David H. Fink, Esquire, dhf@millerlawpc.com, aad@millerlawpc.com

Thomas M. Schehr, Esquire; tschehr@dykema.com, pward@dykema.com

And I hereby certify that I have send notification of filing by electronic transmission to the following non-ECF participants:

Timothy A. Daniels, Esquire, tim.daniels@figdav.com

Ronald J. Smolow, Esquire; rsmolow@smolowlandis.com

Michael H. Landis, Esquire; mlandis@smolowlandis.com

Ethan Preston, Esquire; epreston@kolaw.com

Jeffrey Kodroff, Esquire; jkodroff@srk-law.com

John Macoretta, JMacoretta@srk-law.com

Marc Edelson, medelson@hofedlaw.com

Roy A. Katriel, rak@katriellaw.com

Scott Kamber; skamber@kolaw.com

Steven E. Goren; sgoren@gorenlaw.com

George A. Shohet, gshohet@aol.com

                                               */s/Michael P. Cooney/*
                                               Michael P. Cooney (P39405)
                                               Dykema Gossett PLLC
                                               Attorneys for General Motors
                                               400 Renaissance Center
                                               Detroit, MI  48243
                                               (313) 568-6955
                                               mcooney@dykema.com

**ANSWER OF GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION
TO THE CONSOLIDATED MASTER CLASS ACTION COMPLAINT – Page 16**